UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

PALM SPRINGS MILE ASSOCIATES, LTD.,
a Florida limited partnership,

    Plaintiff,

vs.

MICHAEL'S STORES, INC., a
Delaware corporation,

    Defendants.
_____/

## COMPLAINT

PALM SPRINGS MILE ASSOCIATES, LTD. hereby sues MICHAEL'S STORES, INC., and alleges as follows:

### The Parties and Jurisdiction

1. This is an action for breach of a lease and guaranty, seeking damages in excess of $2.3 million, and for declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Plaintiff PALM SPRINGS MILE ASSOCIATES, LTD. ("PSM or Landlord") is a Florida limited liability company, with its principal place of business in Miami-Dade County, Florida. Its partners are as follows:

    a. SL Florida LLC, a Florida limited liability company, whose members are Sheila Chess, who is domiciled in and a citizen of New York; Sheila Levine Irrevocable Grantor Trust, a traditional trust, whose trustee is Jordan Pilevsky, a citizen of New

York; and Palm Mile Corp., a New York corporation with its principal place of business in New York;

b. Allen Pilevsky, who is domiciled in and a citizen of New York;

c. Palm Springs Mile GP LLC, a Delaware limited liability company, whose members are as follows:

    i. Philip Pilevsky, who is domiciled in and a citizen of New York;

    ii. PP Palm Springs Mile LLC, a Delaware limited liability company, whose sole member is Philip Pilevsky, who is domiciled in and a citizen of New York;

    iii. SIP Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

        a. SIP Hialeah Trust, a traditional trust, whose trustees are Michael T. Pilevsky, who is domiciled in and a citizen of New York; and Samantha J. Hoffman, who is domiciled in and a citizen of New Jersey; and

        b. SIP Descendants Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York;

    iv. SJH Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

        a. SJH Hialeah Trust, a traditional trust, whose trustees are Seth Pilevsky, who is domiciled in and a citizen of New

York; and Michael Pilevsky, who is domiciled in and a citizen of New York; and

b. SJH Descendants Hialeah Trust, a traditional trust, whose trustee is Samantha Hoffman, who is domiciled in and a citizen of New Jersey;

v. MTP Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

a. MTP Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York; and

b. MTP Descendants Hialeah Trust, a traditional trust, whose trustee is Michael Pilevsky, who is domiciled in and a citizen of New York;

vi. HSL Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

a. HSL Hialeah Trust, a traditional trust, whose trustees are Michael Pilevsky, who is domiciled in and of New York; and Josef Leifer, who is domiciled in and a citizen of New Jersey; and

b. HSL Descendants Hialeah Trust, a traditional trust, whose trustees are Heidi Leifer, who is domiciled in and a citizen of New Jersey; and Josef Leifer, who is domiciled in and a citizen of New Jersey;

3

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

      vii.  Corinne Sprung, who is domiciled in and a citizen of New York;

      viii.  Jordan Pilevsky, who is domiciled in and a citizen of New York;

      ix.  Stephanie Pilevsky, who is domiciled in and a citizen of New York; and

      x.  Joshua Levine, who is domiciled in and a citizen of New York.

3. Defendant MICHAEL'S STORES, INC. ("Defendant" or "Tenant") is a Delaware corporation with its principal place of business in Irvington, Texas.

4. This Court has jurisdiction under diversity principles pursuant to 28 U.S.C. §§ 1332. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2), where a substantial part of the events or omissions giving rise to the claim occurred, and where the payment being sought is due.

6. This Court has personal jurisdiction under Florida's long-arm statute, through Defendant's operation of a retail store in this district. Defendant operates, conducts, engages in, and carries on a business or business venture in this state or has an office or agency in this state; has caused injury to persons or property within this state arising out of an act or omission by the Defendant outside this state, while the Defendant was engaged in solicitation or service activities within this state; and breached a contract in this state by failing to perform acts required by the contract to be performed in this state. Defendant regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state. The activities of Defendant within the state are substantial and not isolated. In addition, this action arises out of transactions and operations connected with and

4

incidental to Defendant's business within the state and, specifically, the business relationship between Plaintiff and Defendant.

## GENERAL ALLEGATIONS

7. On or about February 28, 2013, Plaintiff, as Landlord, and Defendant, as Tenant, entered into a Lease for the Premises, as defined in the Lease, consisting of an approximately 23,306 square foot area in the Palm Springs Mile Shopping Center located in Hialeah, Florida and owned by the Plaintiff.

8. Plaintiff references and incorporates the Lease, as amended, and the terms as defined therein, as Exhibit "1" hereto. Plaintiff will seek to file the Lease separately under seal, because it contains a confidentiality provision in Article 17.15 of Exhibit C.

9. The Lease, as amended, is for a term of years expiring on February 28, 2025. The total Rent and other charges for the remaining term of the Lease are in excess of $2.3 million.

10. Tenant is currently in possession of the Demised Premises, pursuant to the Lease.

11. Tenant, however, has breached the Lease by failing to pay Rent and other charges when due on April 1, 2020. Tenant has further advised that it will not pay Rent for future months, as a result of the circumstances related to COVID-19.

12. The Landlord recognizes the challenges posed by COVID-19, including on its own business. Under the express terms and provisions of the Lease and Guaranty, however, Defendant is obligated to pay Rent and that obligation is not excused.

13. While the Lease does contain a force majeure provision in Article 17.7 of Exhibit C to the Lease, the provision does not apply to these circumstances. The provision also expressly provides that "in no event shall [it] be construed to . . . excuse or delay the performance of a monetary obligation by either party." Accordingly, since the provision is not applicable, and the

Tenant's failure to pay rent is not excused, there is no contractual basis for the Tenant to avoid its obligation to pay rent.

14. On or about April 20, 2020, Plaintiff, through counsel, served Defendant with a written notice, a copy of which is attached as Exhibit "2" hereto, advising that Tenant was in breach of the Lease based on its failure to pay Rent when due, demanding that Rent be paid in full pursuant to the Lease, and expressly reserving all of the Landlord's rights and remedies. Defendant, as set forth above, failed and refused to pay.

15. Landlord has declared and hereby reasserts the defaults and declares the full amount of the Rents and charges for the remaining term of the Lease to now be due, in excess of $2.3 million.

16. All conditions precedent to the filing of this action have been fulfilled, satisfied, waived or excused.

17. This action does not waive the right of Landlord, which is expressly reserved, to seek eviction of Tenant, including in a separate legal action.

18. Landlord has retained the law firm of Coffey Burlington, P.L. and is obligated to pay the firm a reasonable fee.

## COUNT I

### ACTION FOR PAST DUE RENTS

19. Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein, and further states as follows:

20. This is an action for damages arising out of Tenant's breach of the Lease.

21. Plaintiff and Defendant entered into the Lease as alleged above.

22. Tenant failed to pay, when due, certain rents and other charges pursuant to the Lease, and is therefore in default of the Lease.

23. Plaintiff made a demand upon the Defendant for payment of the amounts due, but despite the demand, Defendant failed to pay.

24. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damage.

WHEREFORE, Plaintiff demands judgment against Defendant for the past-due amounts under the Lease, as well as for additional Rent and other charges that may continue to accrue, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT II

## ACTION FOR FUTURE RENTS

25. Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein, and further states as follows:

26. This is an action for damages arising out of Tenant's breach of the Lease.

27. Plaintiff and Defendant entered into the Lease as alleged above.

28. Tenant failed to pay, when due, certain rents and other charges pursuant to the Lease, and is therefore in default of the Lease.

29. Plaintiff made a demand upon the Defendant for payment of the amounts due, but despite the demand, Defendant failed to pay the amounts.

30. Defendant, moreover, has anticipatorily repudiated its obligation to pay Rent for future months.

31.     Accordingly, Landlord is entitled to any and all remedies available under the Lease, and as expressly provided by the Lease, any other right or remedy of Landlord "at law or in equity." Lease, Art. 14.4 of Exhibit C.

32.     Based on the Tenant's default and repudiation of its obligations under the Lease, the Landlord is entitled to immediate payment of the balance of the future Rents and other charges for the full remaining term of the Lease, which are in excess of $2.3 million.  Landlord has declared and hereby reasserts the default and declares the full amount of the Rents and other charges for the remaining term of the Lease to now be due.[1]

WHEREFORE, Plaintiff demands judgment against Defendant for the full amount of future Rents and charges under the Lease, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT III

### ACTION FOR DECLARATORY JUDGMENT

33.     Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein, and further states as follows:

34.     Defendant has failed and refused to pay Rents pursuant to the Lease, based on the force majeure provision in Article 17.17 of Exhibit C.

35.     Defendant, moreover, has repudiated its obligation to pay Rent for future months.

36.     Plaintiff contends that the force majeure provision does not apply to these circumstances.  The provision also expressly provides that "in no event shall [it] be construed to . .

---

[1] Landlord expressly reserves and in no way waives its rights to terminate the Lease or Tenant's right of possession, or to seek eviction of the Tenant – although those rights are not being pursued in this action.

. . excuse or delay the performance of a monetary obligation by either party." Accordingly, since the provision is not applicable, and the Tenant's failure to pay rent is not excused, there is no contractual basis for the Tenant to avoid its obligation to pay rent.

37. There is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

38. Declaratory relief would serve a useful and important purpose in clarifying and settling the legal relations in issue, and would terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff requests that this Court issue a judgment declaring (a) that the force majeure provision under the Lease does not excuse Defendant's obligation to pay Rent and other amounts; (b) that Defendant's failure and refusal to pay Rent based on the force majeure provision is not warranted, and constitutes a breach of the Lease; (c) that Defendant is obligated to pay Rent and other amounts due, in an amount to be determined by the Court; and (e) awarding Plaintiff interest, costs, and attorneys' fees, along with such other and further relief as may be permitted.

Respectfully submitted,

By: /s/ *Kevin C. Kaplan*
Kevin C. Kaplan, Esq.
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261
*Counsel for Plaintiff*